UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN SMITH, et al,

      Plaintiff,

Case No. 19-10330

v.

HON. MARK A. GOLDSMITH

WALLACE E. SMITH, et al,

      Defendants.

_____/

## REPORT AND RECOMMENDATION OF DISCOVERY MASTER

By Order dated November 5, 2019 (DE 62), the Court appointed the undersigned as the Discovery Master to submit a Report and Recommendation (the "Report") with respect to the following motions:

1. Defendants' Motion For Protective Order (DE 48).

2. Plaintiffs' Motion To Compel Defendants To Produce Documents That Have Not Been Produced Pursuant To The Court's August 15, 2019 Order And That Have Not Been Produced In Response To Plaintiff's Discovery Requests (DE 60).

The undersigned held a hearing on these motions on November 27, 2019 and now issues this Report.

This is principally a shareholder oppression action with respect to E&E Manufacturing Corporation ("E&E') brought by the plaintiffs, who held approximately 48% of the shares, against the defendants who control the remaining

32942499.1

52% and who are the individual plaintiff's brother, his brother's wife and their family trusts. Plaintiffs have pending a motion to amend to add claims and parties, including claims relating to the related real estate entities that are owned and controlled by the defendants and/or their children and which lease real estate to E&E and its Tennessee subsidiary. Defendants have pending a motion to dismiss, including with respect to claims and damages that are outside the oppression six-year statute of limitations for equitable relief. The parties appear to agree that the most appropriate remedy is a buyout of plaintiffs' interests in the event they prevail.

The parties have worked cooperatively together to resolve most of their discovery disputes. *See* November 12, 2019 Memorandum filed as Ex A to DE 66. Many of their discovery disputes have been resolved and some have been placed on hold pending the Court's resolution of the pending motions to amend/dismiss. I now issue this Report with respect to the remaining matters which have been left for me.

A substantial part of the current discovery dispute between the parties relates to whether discovery of information as the related entities, including the real estate entities, is relevant under the current First Amended Complaint ("FAC") (DE 20). The parties do not dispute that this information would be relevant if the Court permits the filing of the Second Amended Complaint, subject of course, to Defendants' statute of limitations defense. I find that the FAC does have some allegations that may relate to these matters. For example, paragraph 139a asserts

32942499.1

oppression on the grounds that defendants have funneled E&E funds to other related entities in which the defendants have an interest and the FAC's "Wherefore" clause at subparagraph e seeks the disgorgement of these funds.

Defendants' Motion For Protective Order

This motion relates to plaintiffs' Sixth Discovery Request. There are four remaining disputes.

Interrogatory #1

This Interrogatory seeks information about the dividends/distributions that have been issued to defendants or related parties in the period since 2013. This information appears relevant to, among other things, plaintiff's oppression claims and the proposed buyout remedy, and seeks information only with respect to the six year limitations period for equitable relief. Defendants shall provide this information.

Document Request #6

This request seeks agreements executed at any time between defendants and any third party related to the acquisition of 2000 Telico Drive, Athens, TN, which is owned by an entity related to defendants and leased to E&E's Tennessee subsidiary. For the reasons set forth above, this information is also relevant. However, defendants shall be required to only provide responsive information that was created or in effect on or after February 4, 2013. This time period was previously determined

3

to be the relevant time period for discovery in the Court's August 5, 2019 Order Regarding Motions To Compel Discovery (DE 43).

Document Request #9

This request seeks a copy of a PILOT Agreement between E&E's Tennessee subsidiary and others relating to apparent tax relief for the Athens, TN property. For the reasons set forth above, this information appears relevant and defendants shall provide all responsive information to the extent it was created or in effect on or after February 4, 2013.

Document Request #30

This request seeks equipment or real property appraisals that E&E, its Tennessee subsidiary or any related entity provided to any lender in relation to the February 8, 2013 Credit Agreement. This information is relevant to the value of a buyout and shall be provided.

Plaintiffs' Motion To Compel

Plaintiff's motion to compel seeks the production of:

1. The tax returns of defendants Wallace and Joan Smith for 2013-2015 pursuant to requests 1 and 2 of plaintiffs' Fifth Discovery Requests.

2. E&E's general ledger pursuant to request 11 of plaintiff's First Discovery Requests.

I will address each in turn.

Tax Returns

Wallace and Joan Smith have already provided their tax returns for 2016 forward. The issue here is whether they should also produce their 2013-15 tax returns. Tax returns receive certain protection in connection with discovery. *Quicken Loans, Inc. v. Brooks*, No. 07-13143, 2010 WL 11541988, at *3-4 (E.D. Mich. Mar. 12, 2010). Courts apply the following two-prong test to determine whether the party seeking production of tax returns has overcome the presumption against disclosure: (1) the tax return must be relevant to the subject matter in dispute; and (2) a compelling need must exist for the return because the information is not obtainable from other sources. *Id.* The party seeking discovery of the tax returns bears the burden of establishing their relevance and that the material is not otherwise discoverable. *Id.*

Here, plaintiffs seek the tax returns to determine the extent of the compensation and distributions received by the individual defendants from E&E and related entities. Plaintiffs will receive the requested distribution information per my ruling above so they do not need the tax returns for that purpose as there is now an alternative source for the information. As to compensation, however, plaintiffs contend that the documents produced to date by defendants are not consistent and that, as a result, they require the tax returns to determine the actual compensation that was received. I find that defendants Wallace and Joan Smith shall produce their

5

2013-2015 tax returns but they may redact *all* information on the tax returns except for compensation related information with respect to E&E or the related entities.

### General Ledger

The Affidavit of Thomas Frazee, plaintiffs' expert, explains at paragraph 22 that there are six categories of relevant information that can be gained from the general ledgers that is pertinent to a valuation of E&E. (DE 60-6). Based upon this Affidavit, I find that the general ledgers for the period since February 4, 2013 are relevant. Defendants shall produce E&E's general ledgers for the period since February 4, 2013 but, at their option, may produce only the portions of the general ledger for each year that relate to these six categories of information cited by plaintiffs' expert.

*/s/ I. W. Winsten*
I. W. Winsten
Discovery Master

December 2, 2019

32942499.1