UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN SMITH,

        Plaintiff,

vs.

WALLACE E. SMITH, et al.,

        Defendants.

_____/

Case No. 19-10330

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
(1) DENYING DEFENDANTS' MOTION TO HOLD PLAINTIFF'S MOTION FOR RECONSIDERATION IN ABEYANCE (Dkt. 166) AND (2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 163)**

This matter is before the Court on Plaintiff Martin Smith's motion for reconsideration (Dkt. 163) of the Court's order granting a motion to dismiss filed by Defendants—i.e., Wallace E. Smith, Joan E. Smith, Amanda Menchinger, E&E Manufacturing Corporation, Inc., E&E Manufacturing of Tennessee LLC, and JAW Trading Co., Inc.—based on Martin's failure to establish the Court's subject-matter jurisdiction (Dkt. 161). Defendants filed a response (Dkt. 165). Defendants also filed a motion to hold Martin's motion for reconsideration in abeyance (Dkt. 166), and Martin filed a response (Dkt. 167). For the reasons that follow, the Court denies both motions.[1]

**I. BACKGROUND**

---

[1] Martin Smith brought this action both individually and as trustee for the Martin L. Smith Revocable Trust. See Mot. for Recons. at 1. Since Martin Smith brought this action, a Kentucky probate court has appointed attorney John Norman as trustee for the Martin L. Smith Revocable Trust, and Martin's wife, Elise, has been serving as Martin's conservator. See Resp. to Mot. to Hold Mot. for Recons. in Abeyance at 1–2 (Dkt. 167). Because multiple parties in this action have the last name "Smith," the Court refers to these individuals by their first names. Oral argument will not aid the Court's decisional process, and so these motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

This Court summarized the relevant background of this case in its order granting Defendants' motion to dismiss:

> This shareholder oppression action involves a dispute between the shareholders of E&E, a closely held corporation. Martin Smith is a minority shareholder, who owns (individually or through his trust) approximately 48.5% of E&E's outstanding stock, while his brother, Wallace Smith, and Wallace's wife, Joan Smith, are majority shareholders, who together own (individually or through various trusts) the remaining 51.5% of the company stock. 2d Am. Compl. ¶ 1, 58 (Dkt. 105). Martin principally claims that Wallace and Joan, acting as controlling shareholders and the sole directors of E&E, have "frozen" him out of participating in the company's financial success by approving their own excessive compensation and simultaneously refusing to issue dividends despite E&E's substantial profits. Id. ¶¶ 2–3, 9–14, 60–61, 150.

3/15/21 Order at 2.

Martin asserted that the Court has subject-matter jurisdiction over this matter based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). 2d Am. Compl. ¶ 47. Martin alleged that he and his wife Elise are citizens of Kentucky while all Defendants are citizens of Michigan. Id. ¶¶ 16–47. Defendants argued that Martin is a citizen of Michigan, see Br. In Supp. of Mot. to Dismiss at 1 (Dkt. 120), which would defeat the requirement of § 1332 that there be "complete diversity such that no plaintiff is a citizen of the same state as any defendant," V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010). As the party asserting jurisdiction, Martin had the burden of establishing that diversity jurisdiction existed. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010). The Court determined that the totality of the evidence was "in equipoise, with neither side of the debate gaining the better part of the argument." 3/15/21 Order at 5–6. The Court thus found that Martin had failed to carry his burden and granted Defendants' motion to dismiss for lack of subject-matter jurisdiction. Id. at 22.

## II. ANALYSIS

The Court first considers Defendants' motion to hold Martin's motion for reconsideration in abeyance. The Court denies this motion, and then turns to Martin's motion for reconsideration.

### A. Motion to Hold in Abeyance

2

Defendants request that the Court hold Martin's motion for reconsideration in abeyance pending the resolution of proceedings in Kentucky state court. Mot. to Hold Mot. For Recons. in Abeyance at 3–4. Defendants represent that Kentucky's Fayette County District Court entered an order approving a settlement between Defendants and the Martin L. Smith Revocable Trust, which Martin intends to appeal. Id. at 3. Defendants ask that this Court hold Martin's motion in abeyance "while either the appeal period expires without a claim of appeal or the Kentucky appeal concludes." Id. Defendants explain that they "desire this case to remain open in the meantime because Martin Smith has suggested that if this case is dismissed, he will re-file the case in state court in his own name (not the name of the Trust) or otherwise continue litigation." Id.

A court may deny a motion to hold a motion in abeyance where the court finds, for example, that "[n]o matter is currently before the court that makes such delay necessary or reasonable." Bays v. Summitt Trucking, LLC, No. 07-571-C, 2008 WL 11363257, at *1 (W.D. Ky. Nov. 10, 2008). Defendants have not raised a necessary or reasonable justification for delaying the Court's review of Martin's motion for reconsideration. The Court already ruled on the motion to dismiss that Martin seeks to have reconsidered, and the motion for reconsideration has been fully briefed. See Davis v. Breckinridge Cnty., No. 3:99CV-675-S, 2001 WL 1793744, at *5 (W.D. Ky. Sept. 10, 2001) ("Because we have already dismissed the action against the Defendants and because counsel has fully briefed the motion to alter or amend, we find no reason to hold the case in abeyance before ruling upon that motion."). Further, holding the motion for reconsideration in abeyance pending legal developments in Kentucky would suspend finality of this action, without any real timetable for final resolution in place. Finally, Defendants fail to explain what utility there is to the parties or the interests of justice by deferring a decision. This Court declines to wait for state court proceedings to be concluded before it addresses Martin's

3

arguments for reconsidering this Court's determination of its own jurisdiction. Defendants' motion is, therefore, denied.

### B. Motion for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 7.1(h)(3), which states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). A movant demonstrates a palpable defect by showing that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006) (punctuation modified). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." Oswald v. BAE Indus., Inc., No. 10-CV-12660-DT, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (emphasis in original). Thus, motions for reconsideration do not permit "the losing party to attempt to supplement the record with previously available evidence" or "raise new legal theories that should have been raised earlier." Allen v. Henry Ford Health Sys., No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (punctuation modified).

Martin proposes four bases for finding that there was "palpable error" in the Court's order granting Defendants' motion to dismiss. See Mot. for Recons. at 3–14. Defendants respond that Martin's arguments amount to a claim that "the evidence favoring Plaintiffs should have been given greater weight and the evidence favoring Defendants should have been given lesser weight," which is insufficient to establish a palpable defect. See Resp. to Mot. to Recons. at 5–6. The Court addresses each of Martin's arguments in turn and agrees with Defendants that Martin's

4

claimed defects do not constitute "<u>actual</u> defects in the court's opinion." Oswald, 2010 WL 5464271, at *1 (emphasis in original). The Court, therefore, denies Martin's motion.[2]

### 1. Court's Consideration of Martin's Statements of Intent and Martin's Property Ownership in Kentucky and Michigan

Martin argues that it was "palpable error" for the Court to "devalue Martin and Elise's statements of intent" after finding that objective evidence—including evidence relating to Martin's ownership of property in both Michigan and Kentucky—was in equipoise. Mot. for Recons. at 3–6 (citing 3/15/21 Order at 4). Martin cites Finkelstein v. Wachtel, No. 00 CIV. 2672 (JSM), 2003 WL 1918309 (S.D.N.Y. Apr. 21, 2003) for the premise that "expressions of intent are important when other factors are not conclusive." Mot. for Recons. at 4. Martin asserts that he and his wife have "far more than a statement of intent to make Kentucky their domicile," further arguing that the Court improperly "devalue[d]" the fact of Martin's property ownership in Kentucky. Id. Additionally, Martin states that the Court should not have provided "substantial weight" to Defendants' argument that Martin continued to be domiciled in Michigan—in contrast to Martin's statements of intent—when Defendants failed to identify Martin's permanent residence in that state. Id. at 4–5 (citing Nat'l Enters., Inc. v. Smith, 114 F.3d 561, 566 (6th Cir. 1997)).

Finkelstein is not controlling; nonetheless, there is no conflict between this Court's finding that Martin failed to demonstrate that he was domiciled in Kentucky and Finkelstein's observation that "a party's intention is key to a finding of domicile." 2003 WL 1918309, at *3 (finding that defendants had failed to demonstrate that plaintiff had changed his domicile to New York where plaintiff expressed an intent to reside in Connecticut and where "Plaintiff voted and paid taxes as a Connecticut resident, and maintained a residence there"). Like the court in Finkelstein, this Court considered Martin's statements of intent alongside objective evidence relating to Martin's domicile. See 3/15/12 Order at 4–7; Willis v. Westin Hotel Co., 651 F. Supp. 598, 601 (S.D.N.Y.

---

[2] Defendants also argue that Martin's motion is properly viewed as a motion to alter or amend a judgment under Fed. R. Civ. P. 59 or a motion to seek relief from a judgment or order under Fed. R. Civ. P. 60. See Resp. to Mot. to Recons. at 2–3. Because the Court dismisses Martin's motion even by the standard asserted by Martin—as a motion for reconsideration—the Court does not reach Defendants' alternative argument.

5

1986) ("Although intent is crucial to domicile, mere subjective statements of affiliation with a particular state or of intent to make it one's home, of course, cannot suffice for a finding of state citizenship if such statements are belied by objective indicia of actual residence and intent."). Defendants point out that this Court was well-positioned to weigh the relevant facts after reviewing the parties' briefing, conducting an evidentiary hearing, and taking testimony from five witness. Resp. to Mot. for Recons. at 2. The fact that the Court considered Martin's statements of intent in the context of other factors does not suggest a "clear error of law," Henderson, 469 F.3d at 496 (punctuation modified), nor otherwise an "obvious, clear, unmistakable, manifest, or plain" defect, Ososki, 162 F. Supp. 2d at 718.

Among the factors that the Court considered was evidence relating to Martin's ownership of property in both Kentucky and Michigan. See 3/15/12 Order at 6. Martin can cite no authority to suggest that the Court improperly "devalued" or gave overly "substantial weight" to factors indicative of Martin's residence and intent to remain at either property. Nat'l Enters. does not stand (as Martin suggests) for the premise that a party disputing the opposing party's stated domicile must always establish the opposing party's permanent residence in a different state. In Nat'l Enters., the plaintiff had the burden of establishing diversity of citizenship, and the United States Court of Appeals for the Sixth Circuit found the district court had not clearly erred in finding that the plaintiff had failed to carry that burden. 114 F.3d at 566 (considering factors including evidence of defendant's intention to reside in his claimed domicile, the fact that plaintiff "failed to produce proof of any other permanent residence for him," and evidence that defendant was "never found . . . physically present within" the state that plaintiff proffered as defendant's domicile). In this case, Martin had the burden of demonstrating that diversity jurisdiction exists, and he has shown no palpable error in this Court's determination that he did not meet that burden.

### 2. Court's Application of Clear and Convincing Evidence and Preponderance of the Evidence Standards

Martin argues that the Court erred in utilizing the clear and convincing evidence standard when the preponderance of the evidence standard was the appropriate standard to use. Mot. for Recons. at 6–7. He contends that courts applying the clear and convincing standard to questions of domicile—including Ford Motor Co. v. Collins, No. 11-15011, 2011 WL 5877216, at *1 (E.D. Mich. Nov. 23, 2011), cited in the Court's order granting Defendants' motion to dismiss—have done so only where the property to which the party changed its domicile is "newly acquired." Mot. for Recons. at 6–7. Because Martin's domicile in Kentucky is "longstanding," he argues, the preponderance of the evidence standard should apply. Id. at 7.

Martin misunderstands the Court's opinion. As Defendants observe, see Resp. to Mot. to Recons. at 17, the Court found that Martin had failed to carry his burden of establishing his domicile in Kentucky by either the preponderance of the evidence standard or the clear and convincing evidence standard, see 3/15/12 Order at 6. The Court has already applied the standard that Martin considers applicable and has found that Martin did not satisfy it. There is no palpable defect here.

### 3. Court's Consideration of Factors Relating to Martin's Long-Term Residence in Michigan and Martin Being Unreachable by Mail at His Kentucky Property

Martin argues that the Court improperly gave "[h]eightened [w]eight" to its understandings that (i) Martin "ha[d] resided in Michigan for the past four and a half years, if not longer," for which Martin provided "no valid justification"; and (ii) Martin was unreachable by mail at his Kentucky address. Mot. for Recons. at 7–11 (citing 3/15/21 Order at 4).

Martin insists that his "absence from Kentucky has no bearing on his status as a Kentucky citizen when the Complaint was filed." Id. at 8 (emphasis in original). Martin argues that the Court should have considered his travel to Michigan "not significant," id. at 9, and the only in-circuit case he cites in support is Ford, 2011 WL 5877216 (remanding to state court where defendant who had moved to Michigan failed to demonstrate that his domicile never changed from California and thus failed to establish subject-matter jurisdiction). In its recitation of the law, Ford states: "Citizenship is not necessarily lost by protracted absence from home, where the intention

7

to return remains." 2011 WL 5877216, at *1 (punctuation modified). This Court did not find to the contrary; it analyzed various indicia of Martin's residence and intent and found that Martin had failed to show he was domiciled in Kentucky. Martin cannot support his proposition that it was palpable error for the Court to consider—as one factor among many—that Martin spent significant time outside of his claimed domicile.

Martin also cites non-binding authority to argue that mailing addresses are insufficient to establish domicile. Mot. for Recons. at 10–11. The Court does not disagree. However, Martin goes too far in his conclusion that it was "palpable error for the Court to weigh Martin's mail practices against his Kentucky domicile." Id. at 11. The Court weighed the fact that Martin was unreachable by mail at his own claimed domicile as one factor in a host of considerations. Martin cannot support his claim that this factor is "not substantively relevant" such that the Court's consideration of it constitutes palpable error. Id. Nor is it convincing that "Martin's mail acceptance practices were no better in Michigan than in Kentucky." Id. Martin had the burden of proving that his domicile was in Kentucky, and if indicia of domicile are equal among multiple contenders, then the Court was correct to find that the evidence is in equipoise.

### 4. Court's Consideration of "Typical" Indicia of Domicile

Martin believes that a court should consider each individual's "subjective lifestyle" when determining his or her domicile, and thus this Court committed palpable error by focusing on the "typical" indicia of domicile and "provid[ing] significant weight to factors that are far less relevant to Martin's lifestyle in general." Id. at 11–13. As an example of his unique circumstances, Martin notes that he is "not a registered voter in any state and has not voted in decades." Id. at 13. He also notes that he has made significant repairs to his Kentucky home and argues that any untidiness at that site does not indicate that he forfeited his Kentucky domicile. Id. at 13–14. Martin's particular lifestyle, he states, "should not be subjectively devalued based on choices that a different individual might have made." Id. at 14.

8

This argument does not identify "a clear error of law," Henderson, 469 F.3d at 496 (punctuation modified), or otherwise identify "a defect which is obvious, clear, unmistakable, manifest, or plain," Ososki, 162 F. Supp. 2d at 718. To the contrary, by asking the Court to revisit the weight it gave to circumstances surrounding the Kentucky property, Martin re-raises factors already considered by the Court, thereby seeking "a second bite at the apple." Oswald, 2010 WL 5464271, at *1.

Martin's observation that he is not a registered voter is particularly puzzling because the Court did not base its decision in any way on the site of Martin's voter registration, and Martin's assertion that he is not registered to vote in any state is insufficient to demonstrate that the Court committed palpable error in finding that he had not established his domicile in Kentucky. Martin is correct that courts should consider the fact-specific circumstances of each individual when determining where that individual is domiciled. The Court did so here, and Martin cannot succeed on a motion for reconsideration by simply disagreeing with the weight that the Court gave those factors.

### III. CONCLUSION

For the reasons explained above, Defendants' motion to hold Martin's motion for reconsideration in abeyance (Dkt. 166) is denied, and Martin's motion for reconsideration of the Court's order granting Defendants' motion to dismiss (Dkt. 163) is denied.

SO ORDERED.

Dated: December 1, 2021         s/Mark A. Goldsmith
    Detroit, Michigan        MARK A. GOLDSMITH
                                        United States District Judge